**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| DAYMON BURTON, by his mother Mary Ann Carter, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CA 15-00207-C |
| | : | |
| LEPOLEAN PETERSON, individually and in his official capacity as Principal at A.L. Johnson High School, | : | |
| | : | |
| Defendant. | | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the notice of removal (Doc. 1), plaintiff's motion to remand (Doc. 7), defendant Peterson's opposition to the remand motion (Doc. 10), and the Rule 26(f) Report filed by the parties on June 1, 2015 (Doc. 11). Upon consideration of the foregoing pleadings, it is determined that plaintiff's motion to remand should be **GRANTED**.

I.    **Background**

In the complaint (Doc. 1-2, COMPLAINT), filed in the Circuit Court of Marengo County, Alabama on March 16, 2015, plaintiff, Daymon Burton by his mother Mary Ann Carter, asserts three claims against Lepolean Peterson, in his individual and professional capacities, and a number of unidentified fictitious parties—for intentional infliction of emotional distress and negligent and wanton behavior (*see id.* at 3-6).[1] All of

---

[1]    The assertion of claims on behalf of an unidentified class of plaintiffs and against undisclosed fictitious defendants is irrelevant for the purposes of deciding the motion to remand (*see id.* at 3-4.)

plaintiff's claims arise out of an incident "involving a female student" that occurred on the campus of A. L. Johnson High School during February 2015.  It is alleged because of this incident "Plaintiff was grilled extensively by Defendant Lepolean Peterson, … and referred … to the Juvenile Court of Marengo County without full knowledge of what had taken place." The Juvenile Judge required the plaintiff to report for counseling sessions but the plaintiff chose to return to school instead.   The defendant refused plaintiff entry to the school and after the police were called, plaintiff left campus to avoid arrest.  (Doc. 1-2, COMPLAINT, at ¶¶ 7-10.)

Plaintiff's first claim, a state law claim, is labeled "INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS" and seeks punitive damages, interests and costs. (*Id.*, at ¶¶ 11-14 ("On or about February 2015, the Plaintiff was accused of misconduct with a female student by Defendants who had no proof of his innocence or guilt, but took adverse action against him, first sending him to Juvenile Court as well as calling the police to have him arrested when he returned to school.  … Defendants imposed harsh disciplinary actions upon the Plaintiff without cause, treating him like a common criminal. … As a result of this action, Plaintiff suffered severe emotional distress and humiliation as well as violation of his rights.").)

Plaintiff's second claim arises under state law as well and is labeled "NEGLIGENT & WANTON BEHAVOIR." Plaintiff alleges that the defendants "acted negligently when they failed to respect [his] rights … and imposed harsh disciplinary actions upon him without due process or knowledge of his guilt or innocence."   The wanton conduct occurred when Mr. Peterson referred the plaintiff to Juvenile Court without conducting a complete investigation and then denying him entry to the school as well as calling the police to have plaintiff arrested.  (*Id.*, at ¶¶ 15-19.)  Again, plaintiff asks for an award of punitive damages, interests and costs.

2

Plaintiff's third claim is labeled "INTENTIONAL INFLICTING OF EMOTIONAL DISTRESS & NEGLIGENT & WANTON BEHAVOIR."  This third claim appears to be an attempt to combine the first two claims and plead them against a number of fictitious party defendants.  Regardless of plaintiff's intent, Count III does not raise issues not presented in Counts I and II.[2]

Peterson was served with the summons and complaint on March 17, 2015 (Doc. 1, at 1) and filed the notice of removal on April 15, 2015 (*id.*). Therein, he contends that this Court has "original jurisdiction under the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and [this action] is one which may be removed … pursuant to the provisions of 28 U.S.C. §1441, in that it is a civil action that arises under the Constitution, laws, or treaties of the United States." (*Id.*, at 2.)  Since plaintiff did not expressly identify any claim as arising under the Constitution or any particular federal statute, defendant argues that the original jurisdiction of this Court has been invoked by the language in plaintiff's incorporated statement of facts, i.e., **"**Marengo County Board of Education Members, Superintendents, Administrators, Principals, Staff and others, with the assistance of law enforcement, Court employees and politicians and others have systematically threatened students, over the past several years, in a manner that was unfair, bias, in violation of their civil rights and criminal, as well as contrary to the U.S. Constitution, without due process…**"** (Doc. 1-2, ¶ 6; Doc. 1, ¶ 3a.)

---

[2] Plaintiff has attempted to clarify the cause of action against Peterson in two post-removal pleadings.  In his brief in support of the motion to remand plaintiff informs, "the only prayer for relief sought was for the state tort for intentional infliction of emotional distress." (Doc. 9, at 1.)  Consistently, in the Report of Parties filed pursuant to Fed. R. Civ. P. 26(f), he lists the claim for the intentional infliction of emotional distress as "our cause of action." (Doc. 11, at 1.)

Plaintiff filed his motion to remand on April 28, 2015 (Doc. 7) and a brief in support of his motion on May 6, 2015 (Doc. 9).[3] Peterson's response in opposition was filed on May 11, 2015 (Doc. 10). Based upon the contents of the removal petition (Doc. 1) and the response in opposition (Doc. 10), the undersigned appreciates Peterson's sole argument to be that removal is proper because the plaintiff has pled a claim arising under the United States Constitution. (*See* Docs. 1 and 10.)

II.     **Analysis**

A.      **Magistrate Judge Jurisdiction.**

This case, filed April 15, 2015, has been proceeding before the undersigned United States Magistrate Judge with the implicit consent of the plaintiff and the defendant.   (*See* Doc. 4, notice of assignment to Magistrate Judge for all purposes, including trial, entered April 17, 2015.)  Since the time the parties received notice that this case was referred to the undersigned, neither has requested reassignment to a district judge.  The undersigned has entered a preliminary scheduling order, and orders relating to the pending motions to remand and to dismiss.  The motion to remand is now ripe and there does not appear to be any reason not to enter an order resolving the jurisdictional issue on consent of the parties. Up to this point in the litigation, it is fair to infer that the plaintiff and the defendant have "continual[ly] participat[ed] in pretrial proceedings [for an extended period of time to] justif[y] the inference of consent from [ ] litigant[s] aware of the need to consent." *Chambless v. Louisiana-Pacific Corp.*, 481 F.3d 1345, 1350-51 (11th Cir. 2007); *see also Roell v. Withrow*, 538 U.S. 580, 590 (2003) (Inferring consent "where, as here, the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the

_____

[3] This brief was filed in response to the Court's Order of May 1, 2015 (Doc. 8).

Magistrate Judge . . . checks the risk of gamesmanship by depriving parties of the luxury of waiting for the outcome before denying the magistrate judge's authority. Judicial efficiency is served; the Article III right is substantially honored.").

**B.    Removal Jurisdiction in General.**

There can be no doubt but that "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citation omitted); *see also Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir.) ("[R]emoval statutes should be construed narrowly, with doubts resolved against removal."), *cert. denied*, 540 U.S. 877, 124 S.Ct. 277, 157 L.Ed.2d 140 (2003); *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. . . . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court."); *see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" (internal citations omitted)). Moreover, the removing defendant must bear "the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998) (citation omitted); *see also McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."). Stated differently, because federal courts are courts of limited jurisdiction "[i]t is . . . presumed that a cause lies outside this limited jurisdiction, and the burden of

establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen, supra,* 511 U.S. at 377, 114 S.Ct. at 1675 (internal citations omitted).

### C.      Removal Jurisdiction Based on the Existence of a Federal Question.

This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Where, as here, jurisdiction is predicated on a determination of whether an action "arises under" the Constitution or federal law, "the test ordinarily applied is whether a federal question appears on the face of the plaintiff's well-pleaded complaint." *Cmty. State Bank v. Strong,* *651 F.3d 1241, 1251 (11th Cir.2011)* (citing *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. *149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908)*). Thus, "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d* *1 (2003).*

The well-pleaded complaint "rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. *Caterpillar Inc. v.* *Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987).* However, the "necessary corollary to the well-pleaded complaint rule is the artful pleading doctrine, which permits federal courts to read into a complaint elements that the plaintiff omitted in order to ensure that a plaintiff may not defeat federal subject-matter jurisdiction by artfully pleading his complaint as if it arises under state law where the plaintiff's suit is, in essence, based on federal law." *Tortora v. City of Shelton Bd. of Fire Comm'rs,* No. 3:12– *cv–951 (SRU), 2012 WL 4854694, at *2 (D.Conn. Oct. 11, 2012)* (quoting *Sullivan v.* *American Airlines, Inc.,* 424 F.3d 267, 271 (2d Cir. 2005)) (internal quotation marks omitted). When it is determined that a plaintiff has properly stated only a state law cause of action after an application of the well-pleaded complaint rule and the artful

pleading doctrine, there generally is no federal jurisdiction. Caterpillar, 482 U.S. at 392. In those instances "when both federal and state remedies are available, [a] plaintiff's election to proceed exclusively under state law does not give rise to federal jurisdiction." Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir.1995).

A claim "aris[es] under" federal law if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005). More specifically, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in the federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 133 S.Ct. 1059, 1065, 185 L.Ed.2d 72 (2013).

**D.      Federal Jurisdiction Over a State Law Claim Has Not Been Shown.**

1. No federal law issues are "necessarily raised" in the Complaint.

The first of the factors listed in *Gunn v. Minton* instructs that the Court should consider whether plaintiff has "necessarily raised" a federal issue. In *Gunn*, the Supreme Court found that a federal issue was necessarily raised because the application of federal patent law would be necessary in order to resolve the claim of legal malpractice. (*Id.*)  Unlike the situation in *Gunn*, a review of the removal petition in this action has failed to reveal the identification of a specific federal issue raised by the Complaint in this action.   Instead, Peterson has simply called attention to language that implicates the plaintiff's "civil rights" and the due process clause of the United States Constitution.  (Doc. 1, at 2)  An attempt to specifically identify the civil right at issue or that portion of the due process clause implicated was not made.   Under these

circumstances it would be speculative to find that it will be necessary to resolve any federal issues in order to adjudicate plaintiff's tort-of-outrage claim.  In order to prove a tort of outrage, plaintiff must present evidence that: "(1) the actor intended to inflict emotional distress, or knew or should have known that emotional distress was likely to result from his conduct; (2) the conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff distress; and (4) that the distress was severe. *Harris v. McDavid,* 553 So.2d 567, 569–570 (Ala.1989) (citation omitted).

Since the defendant has failed to make a sufficient showing that the adjudication of the tort of outrage is dependent on the application or interpretation of federal law, a federal issue has not been raised in the Complaint.  It is clear to the undersigned that plaintiff's pleading is not an example of clarity and has only made passing references to plaintiff's civil rights and the due process clause of the United States Constitution.  It is fair to infer that his claim does not rise or fall on an interpretation of the Constitution or any specific clause.  *Maul v. City of Selma,* 2:13-cv-00354-KD-B, 2013 WL 5840201 (S.D. Ala.), *report and recommendation adopted* (October 30, 2013); see also *Pena v. Town of Kearny,* 2014 WL 1666052 at *2 (D. N.J. April 25, 2014) ("Similarly here, the fact that the Complaint could be read to state a § 1983 claim premised upon federal constitutional violations is not enough to overcome Plaintiffs obvious intention to bring a state civil rights lawsuit; neither is the fact that the CRA references the federal Constitution in its private right of action provision.") (footnote omitted). Peterson's arguments to the contrary are not persuasive – Burton's claims simply do not necessarily raise a federal question

2.  Even assuming federal issues exist, they are not "substantial."

Assuming that plaintiff's reference to the denial of unspecified civil rights joined with the references to due process and the United State Constitution do raise federal

issues, jurisdiction is lacking for the additional reason that the issues have not been shown to be "substantial."  The defendant, leaving the Court without any basis to determine if a decision of the federal issues in this case would somehow impact the "federal interests as a whole," has omitted a discussion of substantiality. *Gunn,* 133 S.Ct. at 1067 ("The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole.").  It would appear from the record that any civil rights action that may exist given the actions of plaintiff's principal would be a civil rights action commonly encountered in federal courts where the focus is not on "federal interests as a whole" but the rights of the individual plaintiff.  Thus, the substantiality requirement is clearly missing.

## CONCLUSION

Peterson has not satisfied his burden of proving that subject matter jurisdiction exists over the Complaint based on federal question jurisdiction.  No federal questions appear on the face of the Complaint in that the claims of the plaintiff do not arise under the laws of the United States, and his passing reference to his civil rights, due process and the United States Constitution are insufficient to confer subject-matter jurisdiction.  Accordingly, the motion to remand (Doc. 7) is **GRANTED** and this matter is **REMANDED** to the Circuit Court of Marengo County, Alabama.

**DONE and ORDERED** this the 23rd day of June 2015.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**